IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| **BRENDA G. MINION**, | : | Civil No. 16-05454 (RBK/JS) |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| **KEYSTONE AMERIHEALTH CARITAS**, | : | |
| Defendant. | : | |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court on defendant Keystone Amerihealth Caritas's ("Defendant") motion to dismiss plaintiff Brenda G. Minion's ("Plaintiff") complaint (Doc. No. 28), Plaintiff's motion for combined compensatory and punitive damages (Doc. No. 37), and Plaintiff's motions to seal (Doc. No. 38; Doc. No. 40). For the reasons discussed below, Defendant's motion to dismiss is **GRANTED** with **LEAVE TO AMEND** by April 8, 2018, Plaintiff's motion for combined compensatory and punitive damages is **DISMISSED** as moot, Plaintiff's first motion to seal (Doc. No. 38) is **DENIED** with **LEAVE TO AMEND** by April 8, 2018, and Plaintiff's second motion to seal is **DENIED**.

1

I.  **BACKGROUND**[1]

Defendant employed Plaintiff. (*See* Compl. at 3). Plaintiff alleges that she was afforded some sort of accommodation from Defendant. (*See* Pl. Opp. at 1). But, due to some sort of issue with that accommodation, she failed a performance review: "[m]y company failed to consider my accommodations request when they failed to factor in my performance. Thus affecting my performance; thus taking away my accommodation which I felt was retali[a]tory that I was on accommodation because of my disability." (Compl. at 3). Because of her failed performance review, she was "prohibited from promotion and other opportunities within the company." (*Id.*). What actually happened is unclear from the complaint—it appears that Plaintiff was reassigned to a job she did not like and was ultimately terminated. (Compl. at 3-4). In terms of injuries, Plaintiff alleges that her "neck and back worsen due to exacerbation from traveling to and from office," she suffered "undue mental and emotional stress from management," and that she was "harassed and terminated from my employer through their attorney." (*Id.* at 4).

On September 8, 2016, Plaintiff filed this suit seeking reinstatement with the company, reimbursement of her full annual compensation, and that her complaint or any record of the dispute be sealed from prospective employers. (*Id.*). Plaintiff filed a motion for reinstatement of employment and $73,404 on March 30, 2017. (Doc. No. 11). After months of service issues, United States Marshals served Defendant with Plaintiff's complaint on August 22, 2017. (Doc. No. 16; Doc. No. 18; Def. Br. at 2). Defendant subsequently filed its motion to dismiss on September 12, 2017 (Doc. No. 27).[2] This Court dismissed Plaintiff's motion for reinstatement of

---

[1] On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept all factual allegations as true and construe the complaint in the light most favorable to the Plaintiff." *Phillips v. Cty. Of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).
[2] Amended on September 14, 2017. (Doc. No. 28).

employment and $73,404 on October 20, 2017 (Doc. No. 31). Plaintiff filed a motion to continue (Doc. No. 33) and a motion for combined compensatory and punitive damages on November 3, 2017 (Doc. No. 37). Plaintiff also filed motions to seal on November 3, 2017 and February 1, 2018. (Doc. No. 38; Doc. No. 40). Plaintiff filed an amended motion to continue on March 16, 2018 (Doc. No. 41).

The Court notes that we have subject matter jurisdiction over this case—Plaintiff alleges violations of Title VII of the Civil Rights Act of 1962 ("Title VII"), 42 U.S.C. § 2000e, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Jurisdiction correspondingly vests pursuant to 28 U.S.C. § 1331.

## II. STANDARD

<u>Motion to Dismiss</u>

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second,

the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III. ANALYSIS

#### A. Plaintiff Has Failed To Set Forth A Claim Under Title VII

Plaintiff alleges ADA violations. (Compl. at 3-4). Plaintiff, however, does not set forth *any* allegations that she was discriminated against on the basis of race, sex, religion, color, or national origin. 42 U.S.C. § 12101. As such, she has no basis to support a Title VII claim.

#### B. Plaintiff Has Failed To Set Forth A Claim Under The ADA

Plaintiff alleges ADA violations. (Compl. at 3-4). In order for Plaintiff to establish a prima facie case of discrimination under the ADA, she must show that: (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) she has suffered an otherwise adverse employment decision as a result of discrimination. *Taylor v. Phoenixville School Dist.*, 184 F.3d 296, 306 (3d Cir. 1999) (citing *Gaul v. Lucent Technologies*, 134 F.3d 576, 580 (3d Cir. 1998)). An individual is disabled if she has (A) a physical or mental impairment that substantially limits one or more of her major life activities; (B) a record of such

impairment; or (C) being regarded as having such an impairment. 42 U.S.C. § 12102(2); *Phoenixville School Dist.*, 184 F.3d at 306.

While this Court is sympathetic to the challenges *pro se* plaintiffs face, Plaintiff has not plead facts sufficient to establish that she was a disabled person within the meaning of the ADA or that she was otherwise qualified to perform the essential functions of her job, with or without reasonable accommodations by her employer. *Id.* Plaintiff plead that Defendant "failed to consider my accommodations request when they failed to factor in my performance. Thus affecting my performance; thus taking away my accommodation which I felt was retali[a]tory that I was on accommodation because of my disability." (Compl. at 3). Because of her failed performance review, she was "prohibited from promotion and other opportunities within the company." (*Id.*). But, put simply, this is not sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. Plaintiff has, outside of referring to her "disability," "ADA accommodations," and "medical situation" in her complaint, failed to plead anything else regarding her alleged medical condition or how it limits her. (*See* Compl.). In her own opposition to Defendant's motion to dismiss, Plaintiff's "Statement of Claim Facts" describes:

> My company failed to consider my accom[mo]dations request when they failed to factor in my performance. Thus affecti[]ng my performance; thus taking away my accom[m]odation which I felt was retaliatory. That I was on accom[m]odation because of my disability. I honored that accom[m]odation based on my disability. And because of the failed performance review I was prohibited from promotion and other opportunities with the company.

(Pl. Opp. at 1). That is the extent of Plaintiff's facts section. To proceed, this Court would have to make numerous inferences as to what Plaintiff intended to say—this Court would have to read and write between the lines. In short, the complaint as it stands does not contain the factual

5

background necessary to proceed or survive a motion to dismiss—Plaintiff's allegations may be possible, but the claim is not plausible on its face. *Iqbal*, 556 U.S. at 678.

Furthermore, Plaintiff has alleged retaliation based on disability. (Compl. at 3-4). In order to establish a prima facie case of retaliation, a plaintiff must demonstrate that: (1) she engaged in a protected activity; (2) the employer took an adverse action against her after or contemporaneous with the protected activity; and (3) there is a causal link between the protected activity and an adverse action. *Jones v. Southeastern Pa. Transp. Authority*, 796 F.3d 323, 329 (3d Cir. 2015) (citing *Equal Employment Opportunity Commission v. Allstate Ins. Co.*, 778 F.3d 444, 449 (3d Cir. 2015)); *Krouse v. American Sterilizer Co.*, 126 F.3d 494, 500 (3d Cir. 1997).

Plaintiff, however, has similarly failed to provide a factual basis suggesting that she engaged in a protected activity that led to adverse action against her. She mentions retaliation based on a failure to factor in performance and a subsequent removal of an accommodation. (Pl. Opp. at 1). But we are left to guess beyond that. Her complaint is insufficient and does not provide the requisite "well-pleaded factual allegations." *Warminster Twp.*, 629 F.3d at 130. This complaint must be dismissed—a complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Iqbal*, 556 U.S. at 679.

C. <u>Plaintiff's Motion to Seal</u>

There is a "common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001). Nonetheless, litigants may move to seal information associated with a judicial proceeding by demonstrating "good cause." *Securimetrics, Inc., v. Iridian Techs., Inc.*, 2006 WL 827889, at *2 (D.N.J. Mar. 30, 2006). Good cause requires "a particularized showing that disclosure will cause a 'clearly defined and serious injury to the

party seeking closure." *Id.* (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)).

In this District, motions to seal are governed by L. Civ. R. 5.2(c)(2), which requires the moving party to describe: (a) the nature of the materials or proceedings at issue; (b) the legitimate private or public interest which warrants the relief sought; (c) the clearly defined and serious injury that would result if the relief sought is not granted; and (d) why a less restrictive alternative to the relief sought is not possible. A court's ultimate decision must balance the specific need for privacy against the general presumption of public access. *Pansy*, 23 F.3d at 787.

In Plaintiff's first pending motion to seal (Doc. No. 38), Plaintiff requests the "April 23rd exhibits" be sealed because they show "personal information." (Doc. No. 38). This request wholly fails to adhere to the requirements of L. Civ. R. 5.2(c). But understanding that this is a *pro se* plaintiff and the exhibits do at least contain bits and pieces of Plaintiff's medical history and personal information, Plaintiff may amend her motion and detail the pages she would like redacted. She cannot, however, seal all of these exhibits. Plaintiff's first pending motion to seal is denied with leave to amend.

In Plaintiff's second pending motion to seal (Doc. No. 40), Plaintiff seeks to seal her motion for reinstatement of employment (Doc. No. 11), her motion to continue (Doc. No. 33), her motion for combined compensatory and punitive damages (Doc. No 37), and her opposition to Defendant's motion to dismiss (Doc. No. 39). Plaintiff states that "this case harmed me physically and emotionally but financially as well." (Doc. No. 40). She asks that this Court "[p]lease grant the case to be sealed from the public eye. This case is a distraction and hind[]rance to future employment." (*Id.*). Plaintiff, again, fails to comply with L. Civ. R.

7

5.2(c)(2) and has not demonstrated good cause. A visible public case does not establish a "clearly defined and serious injury to the party seeking closure." *Securimetrics*, 2006 WL 827889, at *2. As such, Plaintiff's second pending motion to seal is denied.

>   D.  <u>Plaintiff's Motion for Combined Compensatory and Punitive Damages is Dismissed as Moot</u>

Because Defendant's motion to dismiss is granted, Plaintiff's motion for combined compensatory and punitive damages—which, this Court notes, looks very similar to Plaintiff's previously dismissed motion for reinstatement of employment—must be dismissed as moot.

## IV. CONCLUSION

For the reasons discussed above, Defendant's motion to dismiss (Doc. No. 28) is **GRANTED** with **LEAVE TO AMEND** by April 11, 2018, Plaintiff's motion for combined compensatory and punitive damages is **DENIED**. Plaintiff's first pending motion to seal (Doc. No. 38) is **DENIED** with **LEAVE TO AMEND** by April 11, 2018, and Plaintiff's second pending motion to seal (Doc. No. 40) is **DENIED**.


Dated:   03/29/2018         　　　　　　　　　　_s/Robert B. Kugler_
　　　　　　　　　　　　　　　　　　　　　　　ROBERT B. KUGLER
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge