NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| BRENDA G. MINION, | : | |
| Plaintiff, | : : : | Civil No. 16-5454 (RBK/JS) |
| v. | : : | **OPINION** |
| KEYSTONE AMERIHEALTH CARITAS, | : : : | |
| Defendant. | : : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the Motion to Dismiss and/or Motion for a More Definite Statement (Doc. No. 77) filed by Defendant Keystone AmeriHealth Caritas. For the reasons set forth below, Defendant's Motion is **DENIED**.

**I.    BACKGROUND**

The Court recently set forth the facts and procedural history of this case in its June 8, 2020 Opinion. *See Minion v. Keystone AmeriHealth Caritas*, No. 16-5454, 2020 WL 3056286, at *1–3 (D.N.J. June 8, 2020). To recap: while employed by Defendant, Plaintiff Brenda G. Minion underwent a lumbar fusion, and was consequently permitted to work from home. (Doc. No. 74 ("Am. Compl.") at 4). During this time, Plaintiff's supervisors called her back into the office, where they did not provide her with the necessary accommodations for her condition. (*Id.*). The Human Resources Director investigated, and, after speaking with Plaintiff, told her to return home. (*Id.* at 5). Because Plaintiff had disclosed her supervisor's actions to Human Resources, Plaintiff's

1

supervisors and other managers retaliated against her, culminating in her termination in January 2016. (*Id.* at 4–5).

On June 8, the Court granted in part Plaintiff's Motion to Reopen the Case, finding that her proposed amended complaint sufficiently stated a claim for retaliation under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq*, such that amendment would not be futile. (Doc. Nos. 71, 72). Plaintiff filed her Amended Complaint (Doc. No. 74) on June 29, 2020. The Amended Complaint is substantially the same as what Plaintiff proposed to file, save for a few additional details, including the dates when her supervisors forced her to return to the office.

Defendant filed its Motion to Dismiss and/or for a More Definite Statement on July 20, 2020. Although the deadline for Plaintiff to file an opposition brief was August 3, 2020, Plaintiff has yet to respond to Defendant's Motion.

## II.   LEGAL STANDARD

### A.  Rule 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "when there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679). A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

Because Plaintiff is proceeding *pro se*, she is held to "less stringent standards" than she would be if represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation omitted).

### B.  Rule 12(e) Motion for a More Definite Statement

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading . . . which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Further, "[t]he motion . . . must point out the defects complained of and the details desired." Courts will grant a motion for a more definite statement "when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself." *Ahn v. Cigna Health & Life Insur. Co.*, No. 19-07141, 2019 WL 5304628, at *6 (D.N.J. Oct. 21, 2019) (internal quotation omitted). However, "[a] motion for a more definite statement is generally disfavored and is used to provide

a remedy for an unintelligible pleading rather than as a correction for a lack of detail." *Stallone v. Camden Cty. Technical Schs. Bd. of Edu.*, No. 12-7356, 2013 WL 5178728, at *10 (D.N.J. Sept. 13, 2013) (internal quotation omitted).

## III.     DISCUSSION

As a preliminary matter, the Court notes that although Plaintiff has failed to file an opposition brief, the Court must still adjudicate Defendant's Motion on the merits. In this Circuit, a district court usually cannot dismiss a complaint filed by a *pro se* plaintiff simply because that plaintiff did not oppose a motion to dismiss. *See Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991) (explaining that "if a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim . . . . Rather, it is dismissed as a sanction for failure to comply with [the briefing schedule]"). Plaintiff is not a sophisticated party, and thus her failure to comply with the briefing schedule does not warrant dismissal of her Amended Complaint. *Cf. Hollister v. United States Postal Serv.*, 142 F. App'x 576, 577 (3d Cir. 2005) (finding that the failure to respond to defendant's motion to dismiss by *pro se* plaintiff who was a licensed attorney entitled the district court to treat the motion as unopposed).

### A.  Motion to Dismiss

Defendant offers two reasons why Plaintiff's Amended Complaint should be dismissed. First, Defendant contends that the Amended Complaint fails to sufficiently establish the causation element of the *prima facie* case for ADA retaliation. (Doc. No. 77-1 at 8). However, in its June 8 Opinion, the Court specifically found that Plaintiff's allegations were sufficient to establish the causation element. *Minion*, 2020 WL 3056286, at *8–9. The Court will not reconsider the issue.[1]

---

[1] Defendant could have filed a motion for reconsideration to challenge the Court's holding with respect to the causation element. However, under Local Civil Rule 7.1(i), motions for reconsideration must be filed "within 14 days after the

Second, Defendant asserts that Plaintiff released her claims in December 2016 by signing a "Compromise and Release" agreement to settle a worker's compensation claim against Defendant. (Doc. No. 77-1 at 11–14). Because this agreement was approved by a worker's compensation judge, Defendant contends it is binding and enforceable in this Court. (*Id.* at 12). However, the agreement only purports to release Defendant from liability for injuries Plaintiff suffered due to a September 16, 2015 work incident. (Doc. No. 77-2 at 3–9). Based on the face of the Amended Complaint, this lawsuit has nothing to do with the September 16, 2015 work incident, whatever it was. Rather, this case concerns Plaintiff's January 2016 termination. Consequently, the "Compromise and Release" agreement seems totally irrelevant to this case. Defendant's Motion to Dismiss will be denied.

### B.  Motion for a More Definite Statement

Defendant complains that Plaintiff's Amended Complaint is too vague and ambiguous, preventing Defendant from responding coherently. (Doc. No. 77-1 at 14–16). While the Amended Complaint is not a model of clarity, it is intelligible, and that is all it needs to be. Given that this case has been pending for nearly four years, there is no reason to bog it down further by forcing Plaintiff redraft her allegations once again. If Defendant requires more specific information from Plaintiff in order to mount its defense, it may serve document requests and interrogatories during discovery.

---

entry of the order or judgment on the original motion." Defendant's Motion to Dismiss was filed far too late for the Court to even consider construing it as a motion for reconsideration.

## IV.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss and/or Motion for a More Definite Statement is **DENIED**. An Order follows.

Dated: 8/18/2020                                     /s/ Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge

6